Schribar v. Platt.

19   625
31   863

19   625
36   852
37   812

19   625
42   749

19   625
f48   485
48   825

19   625
49   720
50   64
53   555
53   620
54   220

19   625
56   231
56   461

19   625
62   230

---

JOHN SCHRIBAR ET AL., APPELLANTS, V. J. T. PLATT ET AL., APPELLEES.

Judgment Lien: CLOUD ON TITLE. A occupying land as a homestead gave a bond to convey it to B and wife, and afterwards executed a deed thereof to B. In an action by B and wife to clear their title of the cloud claimed by reason of a judgment obtained against A prior to the conveyance by him, and a sheriff's deed made in pursuance of a sale under such judgment, and to quiet the title in themselves, *Held*, 1. The judgment and proceedings thereunder were no lien or claim upon the land. 2. B by simply paying attorneys for resisting the confirmation of the sale is not estopped from asserting title to the land. 3. B holds the land in trust for himself and wife.

APPEAL from the district court of Fillmore county. Heard below before MORRIS, J.

40

*J. W. Eller*, for appellants.

*J. Jensen* and *Ryan Brothers*, for appellees.

COBB, J.

This action was brought in the district court of Fillmore county by John Schribar and Catherine Schribar, his wife, against J. T. Platt & Co. and other defendants. The action is in the nature of an action *quia timet;* and its object that a certain sheriff's deed of the real property described in the petition made to J. T. Platt & Co. upon a sale on execution in their favor and against one George W. Mesarvey, as well as certain judgments in favor of the other defendants and against the said George W. Mesarvey, might be declared to have conveyed no title and to be no lien upon the said land.

It does not appear from the record that either of the defendants other than J. T. Platt & Co. ever appeared or answered in the case or were ever served with process, so they need not be further noticed. The ground of plaintiff's cause of action against J. T. Platt & Co. is, that the land was an United States homestead, as well as an exempt homestead under the homestead law of this state, in the hands of said George W. Mesarvey, who was the head of a family and residing on and cultivating said tract of land, which was less in quantity than one hundred and sixty acres, and of less value than two thousand dollars at the time of the sale of the same by the said George W. Mesarvey to the plaintiffs and the entering upon and taking possession of said land by the plaintiffs. Also that the indebtedness upon the judgment in favor of the said J. T. Platt & Co. and against the said George W. Mesarvey, and upon which the said land was sold, was contracted before the issuance of the patent for said land by the United States. There are other points made by the plain-

tiffs in their petition against the proceedings of the said J.
T. Platt & Co. whereby they obtained the deed to the said
land, to-wit, a misdescription of the judgment and of the
transcripting thereof; and that the first execution issued
by the said J. T. Platt & Co. against the said Mesarvey,
together with the levy thereof and the appraisement of the
said land and the marshaling of liens thereon, were, by the
sheriff, under the orders and directions of the said J. T.
Platt & Co., abandoned and set aside, another execution
issued, and other proceedings had thereunder, including the
sale of said land and its purchase by the said J. T. Platt
& Co.

The plaintiffs in and by their said petition set up and
claimed title to the said land by virtue of a title bond
therefor executed by George W. Mesarvey and Elizabeth
Mesarvey, his wife; also by virtue of a warranty deed ex-
ecuted by the same parties in pursuance with said bond.
The said J. T. Platt & Co., defendants, in and by their
answer denied that the deed made by said Mesarvey
and wife on the 12th day of June, 1882, was made in
pursuance with the agreement contained in said bond,
but that it was made and executed under another agree-
ment, and that the consideration therefor was never paid
by the said John Schribar or any one for him, and that no
delivery of said deed was had at the time, but that said
Schribar, failing to pay the purchase money, another con-
tract was entered into between him and the said George
W. Mesarvey on the ... day of June, 1882, stipulating
that said Mesarvey should make a deed to Schribar upon
the payment of a certain sum of money in said contract
specified, and that said Schribar never complied with any
of the stipulations in said agreement contained, and said
defendants alleged that the judgment confirming the sale
of said real estate under the execution is, and was at the time
of filing plaintiff's petition, in full force, and not reversed,
and that no proceedings whatever had been had to appeal

from said judgment of confirmation or to reverse the same.

The defendants also denied that the debt on which the said judgment was obtained against said Mesarvey was contracted prior to the issuing of the patent for said land by the United States, and allege that it was contracted subsequent to the 20th day of February, 1877, and became a lien on said real estate when the execution issued on said judgment and was levied thereon.

Defendants also alleged that the deed in plaintiff's petition described was not delivered to said Schribar until long after the confirmation of the sale of said premises under the said execution.

The cause was tried to the court, which found generally for the defendants, also specially as follows: "And that the issue raised as to the sheriff's deed made and executed to J. T. Platt and company by the sheriff of Fillmore county, pursuant to the order of this court, for the real estate in question in this suit, were all and singular settled and determined in the proceedings had under the sale therein and the confirmation thereof, and that said deed to J. T. Platt and company is in all respects a good and valid deed; and the court further finds that no delivery for the purpose of conveying title of the deed made the 12th day of June, 1882, by George W. Mesarvey and wife to John Schriber was ever had, and that it is, in fact, inoperative and void and can convey no title to the land described therein." With decree canceling the deed from Mesarvey and wife to Schribar, enjoining plaintiffs from setting up any claim to said land, etc.

There seems to have been no evidence in the case as to when the patent for the land was issued by the United States. So the question of United States homestead, though asserted by the plaintiffs in the petition, was denied by the defendants in the answer, and not being proved on the trial it drops out of the case. The allegation that

the eighty acre tract of land involved was the exempt homestead of George W. Mesarvey and wife, under the laws of the state then in force at the time of the making and delivery of the title bond by them to the plaintiffs, is alleged in the petition and not denied, though sufficiently proven at the trial.

There was no issue made in the pleadings as to the confirmation of the sale of the land on defendant's execution. The fact of such confirmation is alleged in the petition, and admitted as alleged by defendants in their answer, with the additional allegation as hereinbefore stated. There was then no propriety in admitting as evidence on the trial the motions to set aside and to confirm the said sale, nor of the affidavits to sustain, or in resistance of either of such motions, and no finding or judgment could be based thereon. But these papers were admitted not only to prove the so-called judgment of confirmation, but to lay the foundation for proof that one of the plaintiffs paid counsel for resisting such confirmation, and thus proving an estoppel where none had been pleaded.

The land in question was sold on execution, what was formerly called a *fi fa*. Without a statute requiring it no confirmation of such sale was necessary or known. We have a statute requiring a confirmation in such cases, and such statute should be strictly yet fairly construed. Let us examine the language of the statute and see what construction it will bear. The following is its language, code, § 498 : " If the court, upon the return of any writ of execution or order of sale, for the satisfaction of which any lands and tenements have been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has in all respects been made in conformity to the provisions of this title, the court shall direct the clerk to make an entry on the journal that the court is satisfied with the legality of such sale, and an order that the officer make the purchaser a deed of such

lands and tenements; and the officer on making such sale, may retain the purchase money in his hands until the court shall have examined his proceedings as aforesaid, when he shall pay the same to the person entitled thereto, agreeable to the order of the court."

The learned district court seemed to be of the opinion, and so found, that the question of the title to said real estate was involved in, decided, and settled by the proceedings for the confirmation of the said execution sale. In that I think the court erred; and that the only thing settled or adjudicated in the proceedings and order of confirmation, so-called, was as to the proceedings of the sheriff and those acting under and with him in the levy, appraisement, advertising, making, and returning of said sale. Counsel for appellees in their brief contend and cite numerous authorities to the point, that as there was evidence tending to prove that one of the plaintiffs paid attorneys for resisting the confirmation of said sale, that the title to said tract of land is *res adjudicata* as to the plaintiffs. The general purport and result of the doctrine of the cases cited is to the effect that a person, though not a party to a suit or proceeding at law, who avails himself of the provisions of law and places himself in a condition to appeal from the decision in case it should be adverse to his interest, by notifying his intention, having the testimony reduced to writing at his expense, and the like, will be regarded in a sense as a party to the record, and may be concluded by it. See *Cecil v. Cecil*, 19 Maryland, 72. In the syllabus to this case the rule is stated thus: " Parties, in the larger sense, are all persons having a right to control the proceedings to make defense, to adduce and cross-examine witnesses, and to appeal from the decision if an appeal lies; only those, therefore, who have enjoyed these privileges collectively should be concluded by a decision, judgment, or decree." It is scarcely necessary to say the evidence connecting the plaintiffs or either of them

with the proceedings for the confirmation of the sale of
the premises involved in the case at bar fall far short of
the rule as above stated.

Upon the other branch of the case it must be conceded
that on the 17th day of March, 1882, the date of the title
bond from George W. Mesarvey and wife to the plaintiffs,
as well as on the 19th day of the same month, when said
title bond was recorded in the office of the county clerk of
the proper county, the land in question was the homestead
of George W. Mesarvey and wife, and absolutely unscathed
or affected by the claim or any lien of the defendants.    In
this condition of things the plaintiffs make the contract of
purchase, as evidenced by the title bond, pay one-third of
the purchase money, and give a negotiable promissory note
for the balance.    If this note was received by the Mesar-
veys as payment, and negotiated or pledged by them, then
so far as the land transaction is concerned it was payment;
and it does not lie in the mouth of any general creditor of
Mesarvey's of that date to call it in question.

It further appears from the pleadings and evidence that
on the 12th day of June, 1882, the said George W. Mesar-
vey and wife executed a deed of the said tract of land to
the plaintiff John Schribar.    There is some conflict, or
rather confusion in the evidence as to the time when and
purpose for which this deed was delivered.    But it is ob-
vious that the deed was executed, to be delivered in pursu-
ance of the title bond; and I think that the evidence shows
that it was delivered in pursuance of that general purpose.
But who can question the purpose for which the deed was
delivered.    This, as well as other courts, has repeatedly
held that an exempt homestead cannot be the subject of a
fraudulent conveyance.    So that if it be granted, as it must
be, that the Mesarveys executed and delivered the title
bond to the Schribars, and put them in the possession of
their exempt homestead while it remained their exempt
homestead, then it must also be admitted that no amount

of blundering, or fraud either, for that matter, between Schribar and Mesarvey can be made available to the creditors of the latter.

It is scarcely necessary to refer to the fact that the deed is made to John Schribar alone, while the title bond runs to John and Catherine Schribar; and Catherine Schribar is also a plaintiff and appellant in the case. As between them the title is doubtless held by John in part, in trust for Catherine Schribar.

The findings and judgment of the district court are reversed; and a decree will be entered in this court for the plaintiffs and against the defendants J. T. Platt & Co., in accordance with the prayer of the petition.

DECREE ACCORDINGLY.

THE other judges concur.