HIRAM L. SMITH, APPELLEE, v. GEORGE W. MESARVEY AND OTHERS, APPELLANTS.

1. **Deed:** DELIVERY. Where the evidence as to the delivery of a deed is conflicting and nearly equally balanced, and the court below found in favor of delivery, such finding will not be set aside as being against the weight of evidence.

2. ————: BOND FOR DEED: VENDOR'S LIEN: PRIORITY OF LIENS. Where a vendor had executed a bond for a deed, two-thirds of the purchase money being still unpaid, and afterwards delivered a deed to an attorney upon his assurance that if the deed was delivered to the grantee, he would either pay or secure the purchase price to said vendor, *Held,* That as the vendor, prior to the delivery of the deed, had a lien upon the premises for the unpaid purchase money, which lien was divested by the absolute delivery of the deed by the attorney to the grantee, that therefore the equity of the vendor was superior to that of the attorney for services rendered the grantee, and a mortgage taken by such attorney to secure his fees would be postponed to the claim of the vendor for the unpaid purchase money.

APPEAL from the district court of Fillmore county. Heard below before MORRIS, J.

*Robert Ryan*, for appellants, cited: Tiedeman on Real Property, Sec. 812. *Cook v. Brown*, 34 New Hamp., 460. *Wheelwright v. Wheelwright*, 2 Mass., 452. *Clark v. Gifford*, 10 Wend., 313. *Barlow v. Hinton*, 1 A. K. Marsh, 97. *Newlin v. Beard*, 6 W. Va., 110. *Rhodes v. School District*, 30 Maine, 110.

*J. W. Eller*, for appellees Schribars and himself.

*J. Jensen*, for appellee Smith.

MAXWELL, CH. J.

In October, 1886, appellee Smith filed his petition, praying a foreclosure of a mortgage held by him to secure a note for $400, dated October 24, 1876, due October 24, 1881, payable to the New England Mortgage Security Co., or order, and by the payee assigned to said Smith. The mortgage securing this note was made of the same date as the note by Geo. W. Mesarvey and Elizabeth Mesarvey, his wife, upon the W. $\frac{1}{2}$ of the N.E. $\frac{1}{4}$ of Sec. 34, Tp. 7 N., range 3 W. 6 P. M., lying and being in Fillmore county, Nebraska. A decree was rendered in June, 1887, for $690.52 on the mortgage, and for $33.15 for taxes, being the amount of the note and taxes advanced. This decree is admitted to be correct so far as the plaintiff is concerned, and the only question that arises is between the defendants, as follows:

In March, 1881, Mesarvey and wife being in possession of the premises in question as a homestead, sold the same to John Schribar and wife, and executed and delivered to them the following obligation:

"Know all men by these presents: That I, George W. Mesarvey, and Elizabeth Mesarvey, his wife, are held and

firmly bound unto John Schribar and Katharine Schribar, his wife, in the penal sum of three hundred dollars, for the payment of which we bind ourselves firmly by these presents, upon condition as follows: Whereas George W. Mesarvey and Elizabeth Mesarvey, his wife, have agreed to sell and convey unto the said John Schribar and Katharine Schribar, his wife, for the consideration of three hundred dollars, the following described premises, to-wit: The west half of the N.E. quarter of section 34 in town 7, range 3 west, containing eighty acres.

"And I, John Schribar, and Katharine Schribar, his wife, have agreed to purchase said premises and to make payments as follows: One hundred dollars in hand, and two hundred dollars to be paid on the first day of October, 1881.

"Wherefore, the condition of this obligation is such that if the above bounden George W. Mesarvey and Elizabeth Mesarvey, his wife, will convey said premises by deed subject to all mortgages and liens, unto said John Schribar and Catharine Schribar, his wife, upon the payment of of said consideration at the times above stipulated, then this obligation to be void, otherwise to be and remain in full force and effect.

"Witness our signature hereunto subscribed this 29th day of March, A.D. 1881.

"GEORGE W. MESARVEY,
"ELIZABETH MESARVEY."

Schribar and wife executed a promissory note for the sum of $200, due in October, 1881, for the unpaid purchase money. This note was not paid when it became due and has not yet been paid. In July, 1882, Mesarvey and wife executed a deed to Schribar to enable him to borrow sufficient money on the land to pay the note. Schribar was unable to effect a loan, and at Mesarvey's request returned the deed to him. About that time Platt & Co. levied an execution upon the land in question, and purchased the

same under the execution, and had the sale confirmed and a deed made. This sale was set aside and vacated by the supreme court, 19 Neb., 625, upon the sole ground that the premises being the homestead of Mesarvey and wife, and not liable to the satisfaction of the debt of Platt & Co., that therefore Mesarvey and wife could sell and convey the same and were entitled to the consideration therefor. After the making of the deed to Platt & Co., they took possession of the land as owners thereof, and retained possession until some time in the year 1886, when Schribar again obtained, and now has possession.

On the 11th of August, 1883, Eller and the Schribars entered into a contract as follows:

" FAIRMONT, NEBRASKA, August 11th, 1883.

"Whereas, John Schribar has this day made and delivered to J. W. Eller his two notes, one for $500, due one year after date, and one for $300, due fifteen months after date.

"The consideration of said notes is as follows: That said John Schribar claims to be the owner of the west one-half of the north-east quarter of section 34, township 7, range 3, by virtue of a bond for a deed and a deed from George W. Mesarvey and his wife. And J. T. Platt & Co. claim to own said land by virtue of a sheriff's deed, made under an execution issued out of the district court of Fillmore county, Nebraska, on a judgment in favor of J. T. Platt & Co.

" And said John Schribar and his wife have employed J. W. Eller as attorney to commence the necessary proceedings to establish their rights, in accordance with the advice of said J. W. Eller, attorney, and in case they do so and fail to establish their right against said sheriff's deed, then and in that case they shall be under no obligation to pay said notes. The consideration of the $500 is for attorney's fees of the said J. W. Eller in the matter aforesaid, and the consideration of the $300 note is to

secure the said J. W. Eller in this, that said J. W. Eller has agreed to see that George W. Mesarvey shall be paid his note which he has against Schribar and his wife, in case said Schribar gets his land, and the money to be paid on the $300 is to go from said J. W. Eller to said Mesarvey, or so much as may be necessary to pay his note against Schribar, which was given at the time the bond for a deed to said land was executed, said note being for $200 and interest. In case a compromise should be made the notes shall hold good. This 11th day of August, 1883.

"JOHN SCHRIBAR.

"CATHARINE SCHRIBAR.

"J. W. ELLER."

Mortgages were executed to Eller in accordance with this agreement, and they are now sought to be foreclosed in this action. On the 12th day of July preceding the agreement set out, Eller obtained from Mesarvey the deed for the land in controversy executed by said Mesarvey to Schribar in 1882. There is a direct conflict in the testimony as to the character of this delivery, Eller testifying that the delivery was absolute, while Mesarvey and wife testify it was to be merely conditional upon his remitting the balance due upon the land. Eller is corroborated to some extent by an admission made by Mesarvey to one Easterday, but the most that can be said is that the evidence is nearly equally balanced, and as the court below found that there was an absolute delivery, that finding will be sustained. There is one point, however, upon which there is no dispute in the testimony, and that is, that in case of the delivery of the deed to the Schribars, Eller was to pay or secure the amount of the promissory note to Mesarvey, heretofore referred to. There is not a particle of testimony tending to show that this security was to be subject to a claim for his services, yet in the arrangement which he made with Schribar, to which Mesarvey was not a party, he (Eller) stipulated that his own claim should be

secured before that of Mesarvey. This cannot be permitted. While the legal title remained in Mesarvey he had a vendor's lien upon the land for the unpaid purchase price, and as between Eller and the Mesarveys the court will enforce such lien. The decree of the district court, therefore, will be modified so as to give Mesarvey, or the lawful assignee of his note for $200, a lien prior to that of Eller on the premises in question for said sum of $200 and interest thereon, and as thus modified the decree will be affirmed. Loughrey claims to have purchased the premises from Mesarvey and has obtained a deed therefor, but there appear to be no equities between them requiring adjustment in this court.

DECREE ACCORDINGLY.

THE other judges concur.