JACOB L. KALEY, APPELLEE, v. GEORGE C. ESELIN, AP-
PELLANT.

FILED MAY 6, 1922. No. 22373.

1. **Homestead:** DETERMINATION OF RIGHT. The homestead right of
exemption of real property under the laws of this state is not a
proper subject for consideration upon proceedings for the confirm-
ation of a sale of the alleged homestead on execution.

2. ———: ———. The motion to confirm a sheriff's sale cannot be
resisted on the ground that the land sold is the homestead of the
judgment debtor; and an attempt to resist it on that ground will
not bar a subsequent action to remove the cloud caused by such
sheriff's deed.

3. ———: ———. When an execution debtor has a valid right of
homestead in real estate levied on and gives the sheriff, holding
the execution, the statutory notice of his claim of homestead there-
in, a subsequent sale of said property, without compliance with the
provisions of chapter 29, Rev. St. 1913, is void; but, as the statute
provides no method of determining the validity of such claim of
homestead, when the same is disputed, the question should be de-
termined in a proper action upon issues regularly joined, and un-
less and until such disputed right is so determined such sale will
not be held to be invalid.

APPEAL from the district court for Douglas county:
CHARLES LESLIE, JUDGE. *Affirmed.*

*H. H. Claiborne* and *Charles W. Haller,* for appellant.

*Jacob L. Kaley* and *John M. Macfarland, contra.*

Heard before LETTON, DEAN and DAY, JJ., CLEMENTS
(E. J.) and WELCH, District Judges.

CLEMENTS, District Judge.

On the 26th day of April, 1921, an execution was issued
by the clerk of the district court for Douglas county on a
judgment theretofore entered by said court in favor of
plaintiff and against the defendant herein. The sheriff
of said county levied said execution on real estate owned
by defendant and proceeded to advertise same for sale.
Before the day set for said sale, the defendant served on

the sheriff notice that he claimed said real estate to be exempt as his homestead. The sheriff disregarded said notice and proceeded to make said sale as advertised. The plaintiff filed a motion to confirm said sale, and defendant filed objection to its confirmation on the ground that he has a homestead right in said premises, of which fact he had notified the sheriff before said sale. The court overruled defendant's objection, confirmed the sale, and ordered the issuance of a writ of assistance, from which ruling and order defendant appeals.

Appellant's brief contains no specific assignment of errors, as required by rule 12 (94 Neb. XI) of this court, but states that this is an appeal from orders of the district court in confirming a sheriff's sale of real estate and awarding a writ of assistance. From this and other statements in said brief it appears to be appellant's contention that the trial court erred in making said orders, and we shall consider the case as if it were duly assigned in the brief that the action of the court in making such orders was erroneous.

Under the Nebraska statute providing for the confirmation of a sale made on execution, the only matter settled and adjudicated in the proceedings and order of confirmation is as to the proceedings of the sheriff and those acting under and with him in the levy, appraisement, advertising, making and return of said sale. *Schribar v. Platt,* 19 Neb. 625.

In *Best v. Zutavern,* 53 Neb. 619, defendant's objection to the confirmation of a sale on execution on the ground that the property levied on was his homestead was overruled and the sale confirmed. In affirming that case this court said: "The homestead right of exemption of real property under the laws of this state is not a proper subject for consideration upon proceedings for the confirmation of a sale of the alleged homestead on execution." The fact that the homestead claimant filed objection to and contested the confirmation on the ground that said premises were his homestead and the court found against him on

this claim, overruled said objection, and confirmed the sale, was held not to constitute error requiring a reversal of the case on appeal. Thereafter said homestead claimant brought an action in equity to cancel the sheriff's deed obtained on said sale, in which a decree was entered granting him the relief prayed for. This court affirmed said decree, and in doing so announced the following rule, to wit: "A motion to confirm sheriff's sale cannot be resisted on the ground that the land sold is the homestead of the judgment debtor; and an attempt to resist it on that ground will not bar a subsequent action to remove the cloud caused by such sheriff's deed." *Best v. Grist*, 1 Neb. (Unof.) 812.

The cases in which the foregoing principles and rules are announced have never been overruled or criticised, so far as we have been able to discover. On the contrary, the *Schribar* and *Zutavern* cases, *supra*, are cited with approval in 2 Freeman, Executions (3d ed.) sec. 311, wherein the author says: "We think the better opinion is that the right of exemption, where claimed, should be left for determination in some subsequent action to recover the property sold, or to otherwise determine its title, and, hence, that the confirmation of the sale of real property does not estop its owner from contending, in a subsequent action, that it constituted a homestead, and was, therefore, not subject to execution sale."

The only ground of objection to the confirmation of the sale in the case at bar is that said premises are the homestead of defendant, of which claim the defendant notified the sheriff before the sale. Under the foregoing rules this objection was not a valid one, as it raised an issue which could not properly be adjudicated in that proceeding, and the determination of which therein would not be binding upon either party, nor a bar to or in a subsequent action wherein such issue is properly raised.

Defendant attempts to differentiate the foregoing cases from the one at bar by the fact that in the former the statutory notice of the claim of homestead was not given the sheriff before the sale. He argues that the giving of such

notice blocks the sale and compels the creditor to begin proceedings in which the homestead may be determined properly, and cites and quotes from *Quigley v. McEvony*, 41 Neb. 73, in support of this contention. That was a suit in equity to enjoin the sale of plaintiff's homestead on an order of attachment. This court held that the overruling of a motion to dissolve said attachment, one of the grounds of which was that said premises were claimant's homestead, was not a bar to such a claim in the suit in equity, and said: "We think it is unquestionable that the question of whether the premises constitute a homestead should be determined in proceedings instituted in the manner directed by our statutory law, and if there is any disagreement, then the same can be determined in a proper action in court, in which issues can be regularly joined and the matter tried in the manner prescribed for the trial of issues of law and fact, and that the ends of justice will be better subserved by this latter course of proceedings than by determination of the homestead question in the course of a hearing on a motion to discharge an attachment." Some of the first and a few of the last lines of the above sentence are quoted in defendant's brief, but the most important part thereof, which states how a disputed claim of homestead should be determined, is omitted. In the foregoing the court does not specify what provisions of statute are referred to under which proceedings should be instituted to determine the homestead of a claimant, but we assume that chapter 36, Comp. St. 1893, which is in all respects material to this case the same as chapter 29, Rev. St. 1913, is the statute referred to by the court, as we know of no other statutory law which provides for any such proceedings. Section 5 of said chapter provides that, when an execution is levied upon real estate of the head of a family, he may notify the officer of what he claims as his homestead, and only the remainder shall be subject to such levy; that "the judgment creditor may thereupon apply to the district court in the county in which the homestead is situated for the appointment of persons to

appraise the value thereof." In sections 6 and 7 it is pro-
vided that such application must be made upon a verified
petition filed with the clerk of said district court, showing
(1) that an execution has been levied on property claimed
as a homestead; (2) the name of the claimant; and (3)
that the value of the homestead exceeds the amount of the
homestead exemption. The following sections provide for
the appointment of three appraisers by the court, for an
appraisement made by them, and, if the appraised value
exceeds the statutory exemption and said premises can-
not be divided without material injury, for the setting off
of the homestead and for the enforcement of the execution
on the remainder of the land. It will be noted that the
foregoing proceedings are directed to the appraisement
and setting off of a homestead; that, by instituting such
proceedings, plaintiff admits that claimant has a valid
right of homestead in the property, for, in his verified pe-
tition, he is required to allege "that the value of the home-
stead exceeds the amount of the homestead exemption."
A careful examination of said chapter discloses no pro-
vision whatever for any proceedings to determine the
validity or invalidity of defendant's claim of homestead
exemption. The statutory notice of said claim given to
the sheriff is not required to be verified. If it is true, as
contended by defendant, that, when such notice is given to
the sheriff, the sale is thereby blocked and the execution
creditor is compelled to proceed under the provisions of
said statute, then a false and wholly unfounded claim of
homestead is just as effective as one which is *bona fide*
and valid, for such statutory proceedings would result in
the setting off to claimant the homestead right claimed,
even though such claim was without foundation. Said
statute is not susceptible of a construction that requires
or permits a result so violative of reason and justice.

The statutes of some states prescribed the method which
must be pursued to determine a contested claim of home-
stead right in property levied upon. The Alabama Statutes
of 1907, vol. 2, sec. 4173, provide that, when the claim of

exemption is made, the execution creditor may contest the same by filing with the officer holding the process an affidavit that, in his belief, "(1) the claim is invalid entirely, or (2) it is invalid in part, or is excessive." The officer is then required to return the writ, together with such claim and contesting affidavit, to the court, where issues are made up and the right of homestead is tried and determined by the court. Under such a statute, it might well be held that the giving notice of a claim of homestead effectually blocks the sale, unless and until said statutory provisions are complied with and the contested right of homestead determined in the manner therein provided for. In Nebraska there are no statutory provisions fixing the method of determining whether a disputed claim of homestead is valid or invalid, and resort must therefore be had to the courts wherein—to use the words of this court in the *Quigley* case, *supra*—"the same can be determined in a proper action in court, in which issues can be regularly joined and the matter tried in the manner prescribed for the trial of issues of law and fact." A suit in equity to enjoin the sale was held to be such a proper action in the *Quigley* case. An action in ejectment by the purchaser to obtain possession of the property, or a suit in equity to set aside said sale, or to cancel the sheriff's deed, or to quiet title in claimant, are all proper actions in which to determine said disputed right of homestead. *Schribar v. Platt,* 19 Neb. 625; *Giles v. Miller,* 36 Neb. 346; *Baumann v. Franse,* 37 Neb. 807; *Best v. Grist,* 1 Neb. (Unof.) 812; *Allen v. Holt County,* 81 Neb. 198.

If, in such a proper action, it shall be established that defendant, at the time of the levying of the execution in question, had a valid right of homestead in the premises levied upon, then said sale, the confirmation thereof, and the order awarding a writ of assistance are all void and of no force or effect. On the other hand, if it shall be determined in such an action that defendant's claim of homestead in said premises is invalid, and that he had no homestead right therein, then all of said proceedings and or-

ders are valid and enforceable. The validity of said claim of homestead has not yet been so determined, and unless and until it is this court is not justified in saying that said sale is void or that the orders complained of are erroneous.

We find no reversible error in the record, and the orders of the district court appealed from are therefore

AFFIRMED.