PRUDENTIAL INSURANCE COMPANY OF AMERICA, APPELLANT, v. RUBY M. DIEFENBAUGH ET AL., APPELLEES.

FILED MAY 14, 1935. No. 29282.

*R. H. Mathew, Clinton B. Nasby, Stanley Cheff* and *Quintard Joyner,* for appellant.

*Lamont L. Stephens,* contra.

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and REDICK, District Judge.

PAINE, J.

This was a foreclosure of a first mortgage on 160 acres

of land in Sherman county, Nebraska. Objections were made to the confirmation by Walter Bode for the reason that the property did not sell for its fair value, and that at a subsequent sale a greater amount would be realized, and for the reason that the said Walter Bode, who has a homestead interest in said property, is a married man and the head of a family, and that his wife is a necessary party to the foreclosure action, and has never been served with summons. Thereupon, the court sustained the objections, set aside the sale, and ordered a new sale, to all of which the plaintiff excepted, and filed an appeal bond in the sum of $100.

The plaintiff sets up as errors for reversal the sustaining of the objections to the confirmation, and setting aside sale, and ordering new sale, as contrary to law and contrary to the evidence.

The record discloses that Ira Moler and wife borrowed $5,000 from plaintiff and gave plaintiff a first mortgage upon the northwest quarter of section 22, township 13, range 16, in Sherman county. In October, 1927, said Moler died, and the heirs executed agreement and coupons for an extension of the mortgage. Foreclosure was brought because payments due under the extension coupons were in default. A decree of foreclosure was rendered November 28, 1932, in the amount of $5,435.92. In the foreclosure petition they had made Walter Bode a defendant, as he had received a deed from the record owners; he had filed a demurrer, which was overruled, and then filed an answer, but had been defaulted at the time the decree was entered. A nine months' stay was taken, and the mortgaged premises were sold in January, 1934, to plaintiff on its bid of the entire amount due. In March Walter Bode appeared and filed objections to the confirmation of the sale, setting up, among other things, that he was the head of a family, and that his wife had never been made a party defendant, and that this fact may have deterred bidders from bidding on the property at the sale.

The record discloses that Bode acquired title to the

premises in 1931, and within a few weeks thereafter he moved to this farm and lived there during 1931 and 1932, and in 1933 leased the farm to his brother-in-law; Bode and his wife living with his father-in-law in 1933 and 1934. In cross-examination Bode admitted that he did not consider the premises worth the amount of the encumbrance against them, and unless there was a scale-down in the amount of the debt he would not attempt to make a "go" of the farm again.

Plaintiff insists that it was not necessary for the trial court to decide whether the premises were the homestead of Bode, or whether his wife was a necessary party, and insists that a defect of parties could only be brought to the attention of the court by demurrer or by answer, and that when Bode's default was taken after answer and he failed to take an appeal from that ruling and the decree, it has now become final, and that it is too late to bring it up on a question of the confirmation of the sale.

Plaintiff insists that section 20-1531, Comp. St. 1929, provides that if the property was sold for fair value under the circumstances, or that a subsequent sale would not realize a greater amount, the court shall direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale and direct that the officer make a deed to the purchaser.

The plaintiff insists that the evidence of Bode himself is that the premises are not worth the amount plaintiff has bid, nor is there any evidence to show that a subsequent sale would realize a greater amount, and insists that, as there are no statutory grounds for setting the sale aside, the court should have confirmed the sale upon the demand of plaintiff, who was the bidder and purchaser.

Plaintiff insists that the court does not guarantee that the purchaser shall get a good title at a foreclosure sale. In *Schribar v. Platt,* 19 Neb. 625, it was said in the text that the question of the title is not settled in the proceedings for the confirmation, and the only thing adjudicated by the order of confirmation is the record in reference to the proceedings of the sheriff in making the sale. This

would certainly imply that matters relating to the title cannot be taken up on confirmation of the sale, but must be taken up before the decree is rendered. To the same effect is *Wollmer v. Wood,* 119 Neb. 248, in which it was held that the homestead right is not a proper subject for consideration upon proceedings for the confirmation of the sale. In *Kummer v. Kummer,* 112 Neb. 220, it was held: "A defect of title which will warrant the release of a purchaser at a judicial sale must be of a substantial character; and where it is one which may be and is removed within a reasonable time, a court of equity may require the purchaser to comply with his bid if the ends of justice will thereby be accomplished."

In *Kaley v. Eselin,* 108 Neb. 544, it is said that a homestead right of exemption of real property is not a proper subject for consideration upon proceedings for the confirmation of a sale of the alleged homestead on execution. The motion to confirm a sheriff's sale cannot be resisted on the ground that the land sold is the homestead of the judgment debtor, citing *Best v. Zutavern,* 53 Neb. 619. The homestead claimant can bring an action in equity to cancel the sheriff's deed, but the court said: "A motion to confirm a sheriff's sale cannot be resisted on the ground that the land sold is the homestead of the judgment debtor; and an attempt to resist it on that ground will not bar a subsequent action to remove the cloud caused by such sheriff's deed." *Best v. Grist,* 1 Neb. (Unof.) 812.

These cases are cited with approval in 2 Freeman, Executions (3d ed.) sec. 311, wherein the author said: "We think the better opinion is, that the right of exemption, where claimed, should be left for determination in some subsequent action to recover the property sold, and * * * hence, that the confirmation of the sale of real property does not estop its owner from contending, in a subsequent action, that it constituted a homestead."

*Quigley v. McEvony,* 41 Neb. 73, was a suit in equity to enjoin the sale of the plaintiff's homestead on attachment. In discussing this case in 3 Neb. Law Bulletin, 429, it is said: "If the sheriff has had no notice of a homestead

claim, or having such notice disregards it, and proceeds with the sale, it is now well settled that a motion to confirm the sale cannot be resisted or a motion to set aside the sale cannot be supported on the ground that the land sold is the homestead of the judgment debtor. * * * These motions raise questions of very limited scope, such as the regularity of the proceedings of the sheriff and those acting under and with him."

"In a suit to foreclose a deed of trust, if defendant's wife was a proper party because of her dower interest, defendant should have raised the question by answer or demurrer, and, failing to do so, waived the defect, if any, from her nonjoinder, and could not complain that the selling price of the land was affected by reason of her nonjoinder." *Sidwell v. Kaster,* 232 S. W. 1005 (289 Mo. 174).

"It is urged that Bert Kaster, the wife of the defendant, should have been a party defendant. If there were defects of parties plaintiff or defendants, such should have been raised either by demurrer or answer; otherwise, the question is waived, and cannot be urged in this court. The question was nowhere raised below. It is an afterthought in this court." *Sanders v. Kaster,* 222 S. W. (Mo.) 133. See, also, *Wollmer v. Wood,* 119 Neb. 248.

In *Norton v. Nebraska Loan & Trust Co.,* 35 Neb. 466, 18 L. R. A. 88, 37 Am. St. Rep. 441, purchaser was compelled to take a defective title on the well-settled rule that *caveat emptor* applies to all judicial sales. In the case at bar the purchaser insists on being allowed to take a defective title. Why not give him what he wants? Many cases will be found cited in the long annotation in *Quinn Plumbing Co. v. New Miami Shores Corporation,* 100 Fla. 413, 73 A. L. R. 600.

If it is admitted that the wife of Walter Bode should be made a party, even then the action of the trial court in ordering a new sale will not in any way cure the defect.

We frankly admit that if we were in the position of the plaintiff, which is the purchaser, we would not have pursued the course it did, but under the law we feel that it is

entitled to the confirmation which it insists upon, and the order of the trial court, directing a new sale, is hereby reversed, and the trial court is directed to confirm the sale.

REVERSED.