WILLIAM P. WALLACE, APPELLEE, V. EDGAR PETERSON, APPELLANT.

284 N. W. 866

FILED MARCH 24, 1939. No. 30491.

*Porter & Skaggs,* for appellant.

*Sloans, Keenan & Corbitt, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

Under an execution on a judgment against Edgar Peterson, defendant, his undivided one-sixth interest in 160 acres of land in York county was sold by the sheriff to William P. Wallace, plaintiff, for $1,750. Defendant claimed an exempt homestead interest in the land. The district court confirmed the sheriff's sale and defendant appealed from the confirmation to the supreme court.

The original action was commenced in the county court of Fillmore county to recover the amount due on a promissory note payable by defendant to Wallace & Company, bankers, a corporation, plaintiff. Attached to the petition, when filed, was a waiver of summons and a voluntary appearance by defendant. The county court entered by default a judgment in favor of plaintiff and against defendant. A transcript of the judgment was filed in the district court for Fillmore county and another transcript was filed in the district court for York county. The judgment was assigned to William P. Wallace, plaintiff herein, January 7, 1927.

Defendant and his brothers and sisters, six in all, owned the land under the will of their father, subject to the life estate of their mother. The father died in 1933 or 1934, and the mother died in February, 1937.

Following is a chronology of proceedings: June 7, 1921, judgment against the defendant in county court of Fillmore county for $918.53; May 6, 1926, transcript filed in district court for Fillmore county, execution issued and returned unsatisfied; April 12, 1928, transcript prepared by clerk of district court for Fillmore county filed in the

office of the clerk of the district court for York county; March 19, 1931, execution issued out of the district court for York county and returned unsatisfied; November 13, 1935, execution issued out of the district court for York county and returned unsatisfied; May 27, 1937, execution issued out of the district court for York county and levied by the sheriff on the undivided one-sixth interest of defendant in the land; June 24, 1937, notice to sheriff of defendant's claim for homestead exemption and demand for release of levy; June 29, 1937, denial by plaintiff of any homestead right of defendant and direction to sheriff to proceed with the sale; July 1, 1937, claim for homestead and denial thereof disregarded by sheriff and defendant's undivided one-sixth interest in the land sold to plaintiff for $1,750; July 12, 1937, motion to confirm sale filed by plaintiff; December 23, 1937, supplemental objections to confirmation filed by defendant; March 29, 1938, objections to confirmation overruled and sale confirmed; April 18, 1938, motion by defendant for vacation of confirmation and for new trial overruled.

As grounds for reversal of the judgment confirming the execution sale, the original judgment of the county court of Fillmore county and the subsequent proceedings leading to the issuance of the execution on which defendant's interest in the land was sold are all challenged as void. These numerous complaints were made and the homestead exemption interposed after the sheriff levied on defendant's interest in the land. No attempt was made to review or to directly set aside the original judgment. It was challenged as void because the voluntary appearance was undated and the signature thereon not identified as genuine. The appearance was attached to the dated petition which shows the date of the filing. For the purpose of the original judgment, which recites the hearing of evidence, the record of the county court is sufficient to show the jurisdictional facts. The record does not show on its face invalidity of the original judgment nor a void levy by the sheriff in York county.

After notice to the sheriff of defendant's claim for the exemption of a homestead estate, there was a controversy between the parties on the validity of that claim. By affidavit defendant stated he and his wife had selected his undivided share of the land or the proceeds thereof, if sold, as their exempt homestead property. Plaintiff denied the validity of such a claim and stated that the land had not been the homestead of defendant's parents or either of them since 1921; that the home of defendant was in Crawford, Dawes county; that defendant, after his marriage, never occupied the land or any part of it as his homestead. The controversy over the homestead exemption was not one for the determination of the sheriff. *Kaley v. Eselin*, 108 Neb. 544, 188 N. W. 254. Plaintiff purchased at his peril the interest which defendant claimed as exempt. The same controversy was presented to the district court on motion for confirmation of the sale and objections thereto. The law seems to be settled by former opinions. In *Best v. Zutavern*, 53 Neb. 619, 74 N. W. 81, the following rules were announced:

"The homestead right of exemption of real property under the laws of this state is not a proper subject for consideration upon proceedings for the confirmation of a sale of the alleged homestead on execution.

"The only matter settled and adjudicated in the proceedings and order of confirmation is as to the proceedings of the sheriff and those acting under and with him in the levy, appraisment, advertising, making, and returning of said sale." See, also, to the same effect: *Kaley v. Eselin*, 108 Neb. 544, 188 N. W. 254; *Schribar v. Platt*, 19 Neb. 625, 28 N. W. 289; *Wollmer v. Wood*, 119 Neb. 248, 228 N. W. 541; *Best v. Grist*, 1 Neb. (Unof.) 812, 95 N. W. 836; *Prudential Ins. Co. v. Diefenbaugh*, 129 Neb. 59, 260 N. W. 689.

The proceedings under the writ were regular and the district court so found. The confirmation of the execution sale conformed to the law and is

AFFIRMED.