HENRY A. SIEKERT ET AL., APPELLEES, V. THEODORE SOESTER ET AL., APPELLEES: R. R. WELLINGTON, REFEREE: HENRY WOHLERS, APPELLANT.

13 N. W. 2d 139

FILED FEBRUARY 25, 1944. No. 31675.

*Porter & Porter,* for appellant.

*Edwin D. Crites,* contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

This is a partition suit. The question presented for decision is whether the trial court erred in refusing to confirm the referee's sale. Appellant, Henry Wohlers, was the highest bidder in the sum of $3,525. He deposited 15 per cent thereof with the referee, as required by the order of sale. The referee made report of the sale in writing to the court and moved for confirmation. Thereafter Henry A. Siekert, a plaintiff and one of the heirs, filed in the proceedings a higher bid of $3,800, attached to which was a cashier's check for 15 per cent thereof payable to the referee. At the same time he filed a motion for order of acceptance of such increased bid and confirmation of sale to him. To this offer and motion appellant filed objections and motion for confirmation of sale to himself. Another plaintiff and heir, Scott D. Hebbert, then filed objections to confirmation alleging that the land did not sell for its reasonable value under the circumstances and conditions of the sale, and that a subsequent sale would realize a substantially greater amount.

A hearing was had by the trial court upon these issues wherein evidence was adduced by the parties. At the conclusion thereof the trial court, upon consideration of the motion of plaintiff, Henry A. Siekert, and the objections of Henry Wohlers, found that the motion should be overruled, but sustained Scott D. Hebbert's objections to confirmation, set the sale aside, and ordered that a new sale be held by the referee with dispatch; from which Henry Wohlers appeals.

The evidence discloses that the land involved, 320 acres, 106 acres of which are farm lands, and the rest grazing land, is the old family home, a quarter-section of which was patented by Henry A. Siekert's father. The other quarter-section was patented by the Hebbert family. Henry A. Siekert, now a tenant, has actually lived upon the land for 51 years. He testified that its value was equal to the amount of his increased bid, and that if the court ordered a new sale he would bid at least that amount, and would continue to keep the bid good. There is no evidence that the land sold for its reasonable value under the circumstances and conditions of the sale, or that a subsequent sale would not realize a greater amount. As a matter of fact, the evidence shows that a subsequent sale would realize a greater amount. We find no circumstances in the record or evidence justifying the application of any theory of waiver, ratification, or estoppel, and the record is devoid of any evidence that the increased offer was made through malice or prejudice against appellant.

We have held that a successful bidder at a judicial sale becomes a party to the proceedings, may appear and urge confirmation, and appeal from an order setting the sale aside. *State ex rel Sorensen v. Denton State Bank*, 126 Neb. 486, 253 N. W. 670; *Dawson County v. Whaley*, 134 Neb. 509, 279 N. W. 164; *Kansas City Life Ins. Co. v. Neverve*, 135 Neb. 630, 283 N. W. 378.

A search of the authorities discloses that, "There are three doctrines as to the effect of the receipt of a higher bid after property has been struck off at a judicial sale, upon the confirmation of the sale. According to one theory, the mere fact that a higher bid has been received is sufficient reason to refuse confirmation and to open the biddings. According to another theory, the mere fact that a higher bid has been received is not a sufficient reason for refusal to confirm the sale. * * * The courts which adhere to the former regard the receipt of a higher bid as conclusive evidence that the property was sold for an inadequate price, * * * ; while the courts that adhere to the latter the-

ory take the view that judicial sales are rendered more stable and better prices are obtained for property generally when sold at judicial sale by making the highest bid which is accepted final." 11 A. L. R. 399, note. Each of these two theories has its weak points. Therefore, we find in the cases supporting them a certain amount of judicial discretion necessarily vested in the court to shield and promote justice under all circumstances. See 11 A. L. R. pp. 400 to 417, inclusive.

According to the third doctrine (See 11 A. L. R. note, pp. 417 to 419, inclusive), where there has been an advanced bid before confirmation, the entire matter of confirmation of judicial sales is left with the trial court, to be confirmed or not according to its judicial discretion. This doctrine is the one heretofore approved and adopted by this court. True, in several cases it has been held by this court that a judicial sale will not be set aside on account of mere inadequacy of price, unless such inadequacy is so gross as to make it appear that it was the result of fraud or mistake, or to shock the conscience of the court. But in these cases there was no evidence that others were willing to pay more. See *State ex rel. Sorensen v. Denton State Bank, supra.*

Under the law, a referee in partition is an officer of the court (47 C. J. 493; Comp. St. 1929, sec. 20-2180 *et seq.*), subject to its lawful orders and directions, and every person who buys from a referee takes with knowledge that the contract of sale is not binding on the referee until the entire transaction is properly presented to and approved by the court. By analogy, from our own cases, in partition proceedings it is the duty of referees and trial courts to endeavor to secure the highest possible price for property sold for the benefit of those persons lawfully entitled to the proceeds of the sale. Therefore, substantially increased offers to a referee for property sold by him, made before confirmation of the sale to the highest bidder, are sufficient evidence to support a finding of the trial court in the exercise of its judicial discretion that confirmation should be denied and a new sale ordered. See *State ex rel. Sorensen*

*v. Denton State Bank, supra; State ex rel. Spillman v. American State Bank,* 122 Neb. 42, 239 N. W. 214.

Finally, with reference to the refusal of the trial court to accept the increased bid of Henry A. Siekert and confirm the sale as to him, it is true that, under the facts and circumstances appearing in the case at bar, when all the parties were present in open court, the trial court could with judicial discretion have accepted such increased bid and then and there confirmed the sale. See *State ex rel. Spillman v. American State Bank, supra.* However, it was not error or an abuse of discretion to refuse to do so. See *State Bank v. Green,* 11 Neb. 303, 9 N. W. 36; *State ex rel. Sorensen v. Denton State Bank, supra.* Therefore, the relative contentions of appellees are without merit.

We can only conclude that the orders of the trial court were not erroneous. Therefore, the judgment is affirmed.

AFFIRMED.