ELLEN ENQUIST, PLAINTIFF, V. JOHN ENQUIST, DEFENDANT.
TERESA CRONIN, APPLICANT-APPELLEE, V. WILLIAM A.
EHLERS, RESPONDENT-APPELLANT.

21 N. W. 2d 404

FILED JANUARY 18, 1946.   No. 31970.

W. A. Ehlers, pro se, for appellant.
A. J. Whalen and Charles A. Fryzek, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

In a sheriff's sale of real estate on an execution, the return of the sheriff appearing to be regular, the sale was confirmed and a sheriff's deed delivered.  The judgment creditor, upon receipt of the full amount due him, discharged of record and released his judgment.  Thereafter,

at the same term of court, the trial judge set aside the confirmation of the sale, but the sheriff's sale itself still stands. Later, upon application of the purchaser of the property at the sheriff's sale, the court directed that the judgment creditor repay the money he received from the clerk of the court, from which order such judgment creditor appeals.

An examination of the transcript shows that this action grew out of a divorce case, in which a petition was filed against her husband by Ellen Enquist on August 20, 1925. On May 17, 1926, both parties appeared in court by their attorneys, and upon motion of plaintiff's attorney the cause was dismissed, and on motion of W. A. Ehlers, defendant's attorney, he was allowed an attorney's fee of $35, to be taxed as part of the defendant's costs.

On December 12, 1938, the judgment for said $35 was revived and renewed, with interest at 7 percent and all accruing costs. On December 10, 1943, an execution was duly issued, and the sheriff's return shows that on December 21, 1943, he levied the writ of execution upon lot two (2) of a subdivision of block five (5) in Park Place in the city of Omaha, and that thereafter the sheriff published notice for five weeks that he would sell said land at the east door of the Douglas County Courthouse on February 8, 1944, at 9:30 a. m., at public auction.

The return of the sheriff shows that at said time and place he sold said real estate to Teresa C. Cronin for the sum of $180, being the highest amount offered, and that the sheriff delivered said sum of $180 to the clerk of the district court.

On February 16, 1944, the purchaser filed motion for confirmation of said sale, and the following day the district court ratified, approved and confirmed said sale, and directed the sheriff to make a deed to the purchaser, and directed that a writ of assistance be issued by the clerk, upon application therefor, to place purchaser in possession of the property.

On February 19, 1944, the sheriff's return to confirmation shows that he had executed the deed, and on February 21,

1944, deed was delivered to William A. Ehlers, attorney for purchaser. On the same day a voucher was paid to said Ehlers for $111.32, who thereupon made an entry on the appearance docket reading as follows:

"Omaha, Neb. Feb. 21, 1944. Full and complete satisfaction of Judgment, interest and costs in this case is hereby acknowledged, and said judgment is hereby released, satisfied and discharged of record.
Witness:

| David E. Larson | William A. Ehlers |
| Deputy Clerk. | Atty. for Pltf." |

Thereafter, on March 14, 1944, an amended motion was filed by John Enquist, defendant, asking the court to set aside the sale of said property, and setting out 11 grounds therefor. It is alleged that the property has a reasonable value of $1,800, and consists of a five-room house, and that a sale for $180 is not a fair or reasonable sale; that the defendant received no notice of said sale, and the property is the homestead of the defendant, and was at the time of the confirmation of the sale, and now is occupied by him; that John Enquist and his wife Ellen never waived their homestead rights to said property. He prays that the court set aside the sheriff's sale.

On March 22, 1944, the trial court entered an order upon said motion, reciting that the court finds the facts are true. and defendant is entitled to the relief prayed for. The order further recited:

"It is therefore ordered, considered, and adjudged by the Court that the order of confirmation of sale relative to the above described property entered herein on the 8th day of February, 1944, be and the same hereby is vacated and set aside and rendered void and held for naught.

"Plaintiff not appearing, although properly notified."

It will be noted that a careful reading of the trial court's order does not disclose any setting aside of the sale, hence the sheriff's sale made on the execution stands as made.

There appears in the transcript an order, signed by all the district judges, to the effect that the term of the district

court which began on February 7, 1944, adjourned sine die on April 29, 1944.

On December 26, 1944, the purchaser filed an application asking that an order to show cause by January 3, 1945, be issued in said case, directed to William A. Ehlers, to show cause why the court should not require William A. Ehlers to pay to purchaser $111.32 and that the clerk pay the balance of said money in his hands to purchaser. Applicant further prays that such order be directed to said Ehlers to show cause why the district court should not place all parties in statu quo.

On December 29, 1944, said Ehlers filed a special appearance, in which he objects to the jurisdiction of the court over his person because his judgment has been fully paid, released and discharged of record, and that the court is without jurisdiction to set aside said satisfaction, release and discharge of said judgment without the positive consent of the judgment creditor and the judgment debtors, and no such consent appears of record.

The respondent charges that the order setting aside the confirmation of sale is an absolute nullity, because no petition therefor was filed, no service of summons had upon any of the parties, and the order was unauthorized and ineffective for any purpose. The respondent further charges that his judgment was final and conclusive, and that the sheriff's sale, made in pursuance of a lawful execution, was fairly conducted and no objections were filed prior to confirmation, and upon confirmation duly made the same became final and conclusive upon all parties.

While no ruling appears to have been made on this special appearance, yet all parties were present January 6, 1945, and a trial had, evidence taken and arguments made by counsel, and the matter taken under advisement. Thereafter, on February 8, 1945, the court entered judgment, finding that, by reason of the court vacating the order of confirmation, the purchaser had received no title to said real estate, and it was ordered that said Ehlers be compelled to refund to the purchaser the sum of $111.32, and

that the clerk of the court should refund the balance of the purchase price, and that the satisfaction of said judgment executed by Ehlers be vacated and sheriff's deed be canceled. From this order the said Ehlers appeals.

The appellant assigns as error the failure of the trial court to dispose of his special appearance, which he claims should have been sustained. He argues that the application of the purchaser to be put in statu quo does not state a cause of action against him; that no petition, duly verified, to reopen the case was filed, and no summons issued or served; that such proceedings against respondent are unauthorized by law, as the order was made after expiration of two terms of court, and the pleadings and evidence are insufficient to sustain the order and vacate a judgment of the court made after the term. See sections 25-2001 and 25-2007, R. S. 1943.

We will first consider the special appearance of the appellant, which objected to the jurisdiction of the court over his person.

It was held in the early case of Hurlbut v. Palmer, 39 Neb. 158, 57 N. W. 1019, that if a defendant has not submitted himself to the jurisdiction of the district court the court will not obtain jurisdiction over him because he appeals or prosecutes error to this court. Again, this court has held that, if a meritorious special appearance is overruled and thereafter a defendant answers, but preserves the challenge to jurisdiction therein, and he goes to trial, he does not waive the objection to jurisdiction. See Barry v. Wachosky, 57 Neb. 534, 77 N. W. 1080; Anheuser-Busch Brewing Assn. v. Peterson, 41 Neb. 897, 60 N. W. 373, annotation 93 A. L. R. 1315. To the same effect is Behr v. Duling, 128 Neb. 860, 260 N. W. 281. See annotation 107 A. L. R. 1106.

But in the case at bar the appellant took part in the trial, cross-examined witnesses, and argued the various matters involved, making no objection to the failure of the court to rule on his special appearance. This confirms us in the view that he made a general appearance and waived the

failure of the court to rule on his special appearance. Bark-hurst v. Nevins, 106 Neb. 33, 182 N. W. 563; Troyer Furniture Co. v. Orchard & Wilhelm Co., 121 Neb. 301, 237 N. W. 144.

To make the appearance special, and not general, every act must be consistent with the theory that the court has no jurisdiction of the person.

Next, we will make an examination of the order of confirmation, which was entered February 17, 1944. As to the sale, it reads.as follows: "That the said sale, as held, was in all respects regular and in conformity to law, that the property sold for its fair value under the terms and conditions of the sale, that a re-sale of the premises would not realize a greater sum; that Teresa C. Cronin was the highest and best bidder at said sale, and that the sale should be confirmed and approved by this court."

·Therefore, in the case at bar, no defect has been pointed out in the original judgment, or in the execution regularly issued thereon, or in the steps taken by the sheriff in giving notice of, or in conducting, the sale at public auction under the execution in his hands, and no grounds are shown for setting aside the sale.

We have recently held that "A successful bidder at a judicial sale becomes a party to the proceedings, may appear and urge confirmation, and appeal from an order setting the sale aside." Siekert v. Soester, 144 Neb. 321, 13 N. W. 2d 139. See, also, Dawson County v. Whaley, 134 Neb. 509, 279 N. W. 164.

Much has been mentioned in the oral arguments and in the briefs about the alleged homestead character of the real estate sold in this execution sale. However, it has been held many times by this court that the homestead right of exemption of real property is not a proper subject for consideration upon proceedings for the confirmation of a sale of the alleged homestead on execution. See Wollmer v. Wood, 119 Neb. 248, 228 N. W. 541; Prudential Ins. Co. v. Diefenbaugh, 129 Neb. 59, 260 N. W. 689; 3 Neb. Law Bulletin, 429.

"It is a well settled rule that the doctrine of *caveat emptor* applies to all judicial sales, subject to the qualification that the purchaser is entitled to relief on the ground of after-discovered mistake of material facts or fraud, where he is free from negligence. He is bound to examine the title, and not rely upon statements made by the officer conducting the sale, as to its condition. If he buys without such examination, he does so at his peril, and must suffer the loss occasioned by his neglect." Norton v. Neb. Loan & Trust Co., 35 Neb. 466, 53 N. W. 481.

After consideration of the law and the evidence in the case at bar, we reach the conclusion that on the record the order of the trial court, entered February 8, 1945, at the February 1945 term thereof, directing that all parties be placed in statu quo and purchaser given a judgment against William A. Ehlers, is not warranted by the record, while a judicial sale of this real estate, held February 8, 1944, still stands of record to Teresa Cronin, the successful bidder, who had at once paid in the amount of her bid, and no successful attack has been made on such sale. The demand of the appellant that, this action being a continuation of a divorce action, he is entitled to a fee of $250 in this court, is denied.

The judgment appealed from is hereby set aside and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.