WILLIAM A. EHLERS, APPELLANT, v. LAVINA CAMPBELL, APPELLEE.

23 N. W. 2d 727

FILED JULY 12, 1946. No. 32094.

*W. A. Ehlers*, pro se, for appellant.

*F. E. Edgerton* and *E. J. Patterson*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This is an appeal from an order of the district court denying confirmation of an execution sale by the sheriff of Lots 10, 11, and 12, Block 12, Hordville, Hamilton County, Nebraska. The trial court denied confirmation of sale upon the grounds that the property was exempt from execution as defendant's homestead and inadequacy of the price bid. Motion for new trial was overruled and plaintiff appealed to this court assigning as error that the trial court erred in denying confirmation under the pleadings and facts and erred in sustaining defendant's claim of homestead exemptions as an objection to confirmation. We find that the trial court properly denied confirmation but only for inadequacy of the price bid.

The facts are not in dispute. An execution was issued May 28, 1945, upon a judgment against defendant previously transcripted from the county court to the district court. The validity of the judgment is not assailed. On June 15, 1945, the execution was levied on the property. Order of sale and publication followed. On July 24, 1945, the property was sold by the sheriff. Lots 10 and 11 sold for $256.47, and Lot 12 for $10. Previously, on July 23, 1945, defendant served a notice upon the sheriff claiming the property to be exempt as her homestead. On the same date she filed a petition in the district court setting forth certain facts allegedly entitling her to exemption of the property from execution as her homestead. She prayed that the court find the property to be her homestead, that it was exempt from levy under execution, and that the purported sale might not be confirmed but set aside. We call attention to the fact that chapter 40, R. S. 1943, contains no provision authorizing the judgment debtor to file such a petition. On July 26, 1945, plaintiff moved to strike defendant's petition from the files, which was sustained by the trial court on the same day, and defendant was allowed two weeks "to file an amended claim of exemptions and any further objection to confirmation of sale."

On July 26, 1945, plaintiff filed a motion to confirm the sale alleging therein the validity of the sale and "that the property was sold for fair value, under the circumstances and conditions of the sale," and "that a subsequent sale would not realize a greater amount."

On August 9, 1945, defendant filed objection to confirmation upon the ground that Lots 10 and 11, Block 12, were exempt from sale upon execution because the property was her homestead. On September 4, 1945, a hearing was had upon the motion to confirm whereat evidence was adduced by defendant upon her claimed exemption and to the effect that Lots 10 and 11, upon which the house was located, were worth from $500 to $600. The three lots had been previously appraised by two disinterested freeholders at $600. Plaintiff offered no evidence at the hearing and on October 17, 1945, the trial court denied confirmation.

We find nothing in the record or the law which could sustain defendant's contention that plaintiff had waived his right to raise the question whether the trial court erred in sustaining defendant's claim of homestead exemptions as an objection to confirmation. It is the law in this jurisdiction that "The only matters inquired into and adjudicated in the proceedings for confirmation of a judicial sale are those steps which the law requires shall be had and done for the satisfaction of the decree." County of Scotts Bluff v. Frank, 144 Neb. 512, 13 N. W. 2d 900. This court has also recently reaffirmed the rule that "The homestead right of exemption of real property is not a proper subject for consideration upon proceedings for the confirmation of a sale of the alleged homestead on execution." Enquist v. Enquist, 146 Neb. 708, 21 N. W. 2d 404. See, also, Wallace v. Peterson, 136 Neb. 39, 284 N. W. 866.

In 2 Freeman on Executions, (3 ed.) § 311, p. 1819, it is said: "We think the better opinion is, that the right of exemption, where claimed, should be left for determination in some subsequent action to recover the property sold, or to otherwise determine its title, and hence, that the confirma-

tion of the sale of real property does not estop its owner from contending, in a subsequent action, that it constituted a homestead, and was, therefore, not subject to execution sale." The latter statement was approved by this court in Kaley v. Eselin, 108 Neb. 544, 188 N. W. 254.

The contention of defendant that the situation at bar is any different cannot be sustained. The fact that defendant judgment debtor served a notice of claimed exemption upon the sheriff, which was not a question for his determination, and filed her petition upon which plaintiff did not join issue, but which was stricken by the court with leave to subsequently file an amended claim of exemptions which she did not do except as an objection to confirmation, could not change the general rule.

In Wallace v. Peterson, *supra*, it was held: "A controversy between a judgment creditor and his debtor over the claim of the latter that he has in land an undivided exempt homestead estate upon which the sheriff has levied under an execution on the judgment is not an issue for the determination of the sheriff, though notified of the claim and of objections thereto.

"A contested claim by defendant that he has an undivided exempt homestead estate in land is not a proper subject for consideration in proceedings to confirm the sheriff's sale thereof under an execution."

It is the rule in this jurisdiction that if a judgment debtor has a valid right of homestead in real estate levied on and gives the sheriff, holding the execution, the statutory notice of his claim of homestead therein, a subsequent sale of said property, without compliance with the provisions of chapter 40, R. S. 1943, is void; but since the statute provides no method of determining the validity of such claim of homestead, when the same is disputed by the judgment creditor, the question should be determined in a proper action upon issues regularly joined, and unless and until such disputed right is so determined such sale will not be held to be invalid. In Kaley v. Eselin, *supra*, the reasons for

the rule are set forth at great length and we do not deem it necessary to discuss them further in this opinion. See, also, Wallace v. Peterson, *supra.*

In First Nat. Bank of Tekamah v. McClanahan, 83 Neb. 706, 120 N. W. 185, relied upon by defendant, the wife of the judgment debtor served notice upon the sheriff that she claimed a homestead interest in specifically described parcels of the property levied upon. Thereafter the judgment creditor filed a petition for the ascertainment and setting off of her homestead, as provided by chapter 40, R. S. 1943, to which the wife of the judgment debtor filed an answer, claiming a homestead exemption from execution out of her husband's undivided one-half interest in all the property. It will be noted that the judgment creditor by proceeding to file his petition, as specifically provided in the statute, thereby admitted that the wife had a valid right of homestead in the property. Kaley v. Eselin, *supra.* However, the homestead claim set up in her answer was different from that contained in the notice to the sheriff and it became necessary that the precise nature of the wife's homestead claim be determined as an issue by the court in a proceeding then properly before it. In that situation the trial court sustained a motion to strike the answer which this court held to be prejudical error under the peculiar circumstances presented. It will be readily seen that the case is clearly distinguishable from the one at bar, both upon the law and the facts.

We conclude, therefore, that the trial court was in error when it denied confirmation of sale upon the objection that it was exempt as defendant's homestead.

On the other hand, we find that the trial court did not err in refusing to confirm the sale because the price bid was inadequate, even though defendant did not raise that question in her objection to confirmation. For that reason the order denying confirmation must be affirmed.

In that connection § 25-1531, R. S. 1943, clearly and unequivocally defines the duty of the court in such cases.

In County of Nance v. Thomas, 146 Neb. 640, 20 N. W. 2d 925, this court recently held: "The trial court has a duty to determine, by unrestricted means, whether at foreclosure sale the price is adequate or whether at a subsequent sale more would be realized." As a matter of course the same rule applies to execution sales, such as is here involved. The trial court in its order denying confirmation not only found that the sale price was inadequate, a little more than one-half of its undenied value upon a rising market, but that a subsequent sale would bring a better price.

There is a distinction, which lawyers and courts have often overlooked, between setting aside an executed sale, where the buyer has an interest or right in the property itself, and denying confirmation of a purported sale which requires confirmation of the court for its validity and finality. The type of sale involved in this action belongs in the latter category. In such cases the court in legal contemplation is the seller. upon whom clear statutory duties are imposed. While the purported sale by the officer to the highest bidder carries with it certain legal rights as such it does not transfer to such bidder any interest in or title to the property itself. The bid is only an offer to buy and until the court confirms the order of sale by the officer there is no sale. In that character of sale the trial court has broad, supervisory duties and powers and such court may even on its own motion, if acting within its sound judicial discretion, refuse to confirm the sale merely because of inadequacy of price. It is also the rule that with the exercise of that function this court will not interfere except for an abuse of judicial discretion. Annotation, 152 A. L. R. 548; Straus v. Anderson, 366 Ill. 426, 9 N. E. 2d 205.

In Siekert v. Soester, 144 Neb. 321, 13 N. W. 2d 139, 152 A. L. R. 527, this court found that a substantial increased offer made before confirmation of sale to the highest bidder was sufficient evidence to support a finding of the trial court in the exercise of its judicial discretion that confirmation should be denied and a new sale ordered. We con-

clude that the undisputed evidence of value in the case at bar likewise supports the finding of the trial court that confirmation should be denied.

For the reasons heretofore stated, the order of the trial court refusing confirmation is affirmed.

AFFIRMED.