LEROY IHDE AND KAREN IHDE, HUSBAND AND WIFE, APPELLEES, V.
LIDWINA KEMPKES, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF CHARLES A. WEBER,
DECEASED, APPELLANT.
422 N.W.2d 788

Filed May 6, 1988.    No. 86-623.

Richard H. Williams, for appellant.

Kent F. Jacobs of Blevens, Blevens & Jacobs, for appellees.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and GITNICK and
GARDEN, D. JJ.

GITNICK, D.J.

Lidwina Kempkes, as personal representative of the estate of
Charles A. Weber and individually, appeals from a judgment
entered by the district court for Seward County, Nebraska, in
which the trial court, sitting without a jury, entered judgment
for the appellees, Leroy Ihde and Karen Ihde, in the sum of
$3,500 against Lidwina Kempkes in her individual capacity. We
reverse and dismiss.

In their petition the Ihdes alleged the following: Lidwina
Kempkes was appointed personal representative of the estate of
Charles A. Weber, her brother, and the filing of a bond by her
was waived. She, as personal representative, conveyed certain
real property by a personal representative's deed to the Ihdes,
for which the personal representative was paid $3,500. The
personal representative's deed covenanted that the personal
representative "had legal power and lawful authority to
convey" the real property. After the delivery and acceptance of
the deed, objections to the title to the real property were raised
by the Ihdes' attorney, which resulted in the filing of a quiet title
action by the personal representative, but the trial court in that
quiet title action determined that the estate of Charles A. Weber
was not the owner of the real property. The Ihdes then brought
this action against the personal representative for the damages
they sustained for the purchase price and for improvements

made by them to the real property.

The trial court found for the Ihdes and determined that the personal representative had agreed to quiet the title to the real property but had been unable to do so because of a third-party claim thereto, and it then awarded the amount of the purchase price paid of $3,500 as damages but declined to award damages to them for the improvements made to the property on the basis that the improvements were made after the Ihdes had notice of the infirmity in the title. The Ihdes do not cross-appeal from this determination. The personal representative appeals and assigns as error, in substance, that the trial court erred in its result because the petition alleges a cause of action for breach of the covenant of the personal representative's deed that she had the lawful power and authority to convey the real property, and not a breach of contract to clear the title to the real property and convey good and merchantable title to the real property; in holding the personal representative personally liable for the damages; and in failing to hold that the doctrine of caveat emptor applies in the sale of real property by a personal representative.

While the pleadings are not absolutely clear, the theory of the appellees' petition appears to be that an express warranty of title was, in effect, made when the personal representative's deed covenanted that the personal representative had the lawful power and authority to convey the real property. The difficulty with this premise is that a covenant of lawful power and authority to convey real property is distinctly different in quality and effect from a covenant warranting title.

The usual covenant of a personal representative's deed that a personal representative has the lawful power and authority to convey real property means only that the personal representative has been given the authority and has the legal capacity to sell real property on such terms as the decedent, as absolute owner, could sell. Neb. Rev. Stat. § 30-2472 (Reissue 1985) provides: "[A] personal representative has the same power over the title to property of the estate that an absolute owner would have . . . ." Obviously, the absolute owner may negotiate to sell real property without a covenant warranting title, and in this case that is the effect of the personal

representative's deed. Neb. Rev. Stat. § 30-2476 (Reissue 1985) states: "[A] personal representative, acting reasonably for the benefit of the interested persons, may properly . . . (23) sell . . . any real . . . property . . . . The court may authorize . . . the sale . . . either upon such terms as the personal representative may determine, or upon specified terms . . . ." As is stated in 31 Am. Jur. 2d *Executors and Administrators* § 426 at 201-02 (1967):

> There is no implied warranty of title or of the soundness of an article of personalty sold by an executor or administrator acting in his representative capacity. So too, in sales of land by an executor or administrator, the purchaser, in the absence of a covenant in the deed, takes title without any warranty. An executor or administrator, not being bound to convey with any covenants except against encumbrances of his own making, conveys only the title of the decedent. In effect, the deed of the executor or administrator is the equivalent of a quitclaim deed.

Accordingly, we hold that the covenant of a personal representative's deed of lawful power and authority to convey real property is not a warranty of title and contains no implication of a covenant warranting title. Furthermore, we have previously held that the doctrine of caveat emptor applies in all judicial sales, subject to the qualification that a purchaser at a judicial sale is entitled to relief on the ground of after-discovered mistake of material facts or fraud, provided the purchaser is free from negligence. *Fisher v. Minor*, 159 Neb. 247, 66 N.W.2d 557 (1954). We are afforded no policy argument for withdrawing from this position, and an examination of the provisions of Neb. Rev. Stat. ch. 30 (Reissue 1985) reveals no provision thereof which requires a different rule.

We further note that our recording act, as set forth in Neb. Rev. Stat. § 76-238 (Reissue 1986), is intended to impart to a prospective purchaser notice of instruments which affect the title of land in which such purchaser is interested. Here, the appellees were bound to search the records for evidence that valid title existed in the estate of Charles A. Weber. That is the purpose of the recording statutes. As we have stated earlier, in *Campbell v. Ohio National Life Ins. Co.*, 161 Neb. 653, 667, 74 N.W.2d 546, 556 (1956):

> A purchaser of real estate is required to take notice of instruments properly placed of record in the office of the register of deeds. . . . Increased diligence, alertness, and scrutiny in searching for the facts are expected of a purchaser who accepts a deed that is less than a general warranty with full covenants of ownership and title.

As is stated in 34 C.J.S. *Executors and Administrators* § 642b at 619 (1942):

> The rule [of] caveat emptor applies to sales of decedent's property under order of court, and it is the general rule that the purchaser has no right to complain . . . because of defects in quantity, quality, or title, especially where . . . he had notice of, or could with reasonable diligence have discovered, the defects.

An ordinary, prudent person would have been put on inquiry as to what interest Charles A. Weber or his estate had in the real property, if any, had such person searched the record and noted the outstanding interest which resulted in the determination that the estate of Charles A. Weber was not the owner of the land here in question.

Lastly, as we perceive the petition in this case, the issue to be decided was whether the covenant of the personal representative that "the estate had legal power and lawful authority to convey" the real property had been breached.

As tried by the trial court, it decided the case on a different issue, i.e., whether the personal representative had agreed to clear the title to the property from third-party claims and whether, in effect, a warranty of title had been given by her. These issues were never pleaded in the petition. In this state pleadings frame the issues upon which a cause is to be tried, and issues in a given case are limited to those which are pleaded and advise the adversary as to what he must meet. It is the facts that are well pleaded which state a cause of action. *Circle 76 Fertilizer v. Nelsen*, 219 Neb. 661, 365 N.W.2d 460 (1985). The facts well pleaded in this case placed the personal representative on notice that she was to meet the issue of whether the estate had the lawful power and authority to convey the real property, and nothing more. However, the issues as decided by the trial court were wholly different issues than framed by the petition.

Accordingly, the trial court erred in deciding issues not properly before it.

For the reasons set out in this opinion, the judgment of the trial court is reversed and the cause dismissed; and having come to this conclusion, we need not determine the personal liability of the personal representative.

REVERSED AND DISMISSED.