IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

KOCH V. MIELAK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MARK ALLEN KOCH, APPELLANT,

V.

JASON MIELAK ET AL., APPELLEES.

Filed March 2, 2021.    No. A-20-293.

Appeal from the District Court for Platte County: ROBERT R. STEINKE, Judge. Affirmed.

Mark Allen Koch, pro se.

Jason D. Mielak, of Fehringer & Mielak, L.L.P., for appellees Mielak and Flanagan.

Jerod L. Trouba, of Trouba Law Offices, L.L.C., for appellees First Security Mortgage and Carlson.

Victor L. Lacy, pro se.

Clark J. Grant, of Grant & Grant Law Offices, P.C., for appellee Joseph Dalton.

RIEDMANN, BISHOP, and WELCH, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Mark Allen Koch brought this action against seven defendants to set aside a trustee's sale of residential real property pursuant to a deed of trust. The Platte County District Court dismissed Koch's claims against three defendants and granted summary judgment in favor of the remaining four defendants. Koch, pro se before the district court and on appeal, appeals; we affirm.

## II. BACKGROUND

In November 2006, Koch was referred to First Security Mortgage Company (First Security) by another entity to assist Koch in securing a loan. Donald Carlson, the president of First Security, acted as a loan broker between Koch and Victor L. Lacy, a private lender. On November 21, Koch executed and delivered to Lacy a promissory note in the principal amount of $29,000 with interest. To secure the loan, Koch also executed and delivered a deed of trust encumbering residential real estate located in Columbus, Nebraska, owned by Koch in fee simple. The deed of trust named Koch as trustor, Lacy as beneficiary, and attorney Larry D. Ohs as trustee. The deed of trust was recorded on November 30 in the Platte County Register of Deeds.

On September 10, 2010, Lacy recorded a substitution of trustee naming attorney Joseph E. Dalton as the successor trustee to the deed of trust. Subsequently on May 1, 2015, Lacy recorded a second substitution of trustee naming attorney John D. Rouse as the successor trustee to the deed of trust. Neither Ohs, Dalton, nor Rouse exercised the power of sale under the deed of trust or otherwise affected Koch's rights concerning the real property, promissory note, or deed of trust. However, during the period where Lacy remained the beneficiary, several notices of default were recorded and shortly thereafter cancelled.

On October 22, 2015, Lacy assigned and conveyed his interests in the promissory note and deed of trust to Clifford P. Flanagan. This assignment was recorded on January 15, 2016, in the Platte County Register of Deeds. On July 17, 2018, Flanagan executed a substitution of trustee naming attorney Jason D. Mielak as the successor trustee to the deed of trust; it was recorded on July 23.

Koch failed to make payments due to Flanagan under the promissory note. On July 23, 2018, a notice of default was recorded with the Platte County Register of Deeds. Within 10 days after filing the notice, Mielak, as successor trustee, caused a copy of the notice of default to be mailed to Koch and other parties entitled to notice under the deed of trust. Koch thereafter failed to cure the default described in the notice within 30 days, and Mielak, at the request of Flanagan, elected to declare the entire balance and interest immediately due and payable. Mielak then executed a notice of trustee's sale, which was published weekly in the Columbus Telegram for five consecutive weeks commencing on September 18 and ending on October 16. Mielak mailed to Koch and other parties entitled to notice under the deed of trust a copy of the notice of trustee's sale with the time and location of the trustee's sale. The sale of the residential real property subject to the deed of trust occurred on November 1 at the Platte County Courthouse in Columbus. Mielak accepted Flanagan's bid of $40,000 as the highest bid for the real property subject to the deed of trust, and on November 16, Mielak executed and delivered to Flanagan a trustee's deed conveying the property.

Koch then filed a complaint in the district court on November 20, 2018, and an amended complaint on March 1, 2019, seeking to set aside the trustee's sale of the real property due to failure by the defendants to comply with the requirements of the Nebraska Trust Deeds Act. Koch named seven defendants in his operative complaint, including Mielak, Flanagan, First Security, Lacy, Ohs, and Dalton. The seventh defendant was named by Koch as "Burlowitz, Rouse and Dalton" (BRD), but Koch's pleadings contained no allegations as to the nature or organization of this defendant.

Subsequently, Lacy and BRD each filed motions to dismiss Koch's claims against them, and Mielak, Flanagan, First Security, and Dalton filed motions for summary judgment.

The district court held a hearing on the motion for summary judgment brought by Mielak and Flanagan on June 4, 2019. Koch did not appear at this hearing. Subsequent to this hearing, Koch filed a motion for rehearing. On June 27, the district court held a hearing on Koch's motion for rehearing and for the remaining defendants' motions for dismissal and summary judgment. Koch was present at this hearing. On October 24, the district court entered several orders dismissing the claims against Lacy, Ohs, and BRD and granting summary judgment in favor Dalton, Mielak, and Flanagan. The court dismissed the claim against Ohs due to the failure to serve process within 180 days of Koch filing the amended complaint. The court further dismissed the claims against Lacy and BRD, finding that Koch had failed to state a claim upon which relief may be granted. The court granted summary judgment in favor of Dalton, noting that Dalton was not the trustee at the time of the sale and never exercised his power of sale as trustee under the deed of trust. The court further granted summary judgment in favor of Mielak and Flanagan, finding that both Mielak and Flanagan, as trustee and beneficiary at the time of the trustee's sale respectively, complied with the requirements of the Nebraska Trust Deeds Act in exercising the power of sale under the deed of trust and in carrying out the trustee's sale. In this same order, the court denied Koch's motion for rehearing. Also on October 24, the district court determined that First Security's motion for summary judgment would be continued until further order of the court in order to provide First Security the opportunity to retain counsel.

On November 4, 2019, Koch appealed the orders of the district court. On November 20, in case No. A-19-1051, this court dismissed Koch's appeal pursuant to Neb. Ct. R. App. P. § 2-107(A)(2) (rev. 2017) for lack of jurisdiction, as the district court had not yet disposed of Koch's claims against First Security.

The district court held a hearing on March 12, 2020, concerning First Security's motion for summary judgment. The court thereafter entered an order on April 3 granting First Security's motion for summary judgment, noting that neither First Security nor its president, Carlson, were "involved with any servicing, collection of payments, or communications with Koch" after the loan proceeds were distributed to Koch in November 2006.

Koch timely appealed from the district court's April 3, 2020, order.

## III. ASSIGNMENTS OF ERROR

Koch assigns, restated, that the district court erred in (1) granting summary judgment in favor of the appellees when the evidence shows there was a modification to the loan documents "that the [appellees] are hiding" and (2) granting summary judgment when (a) evidence received at a "rehearing" on June 27, 2019, showed that (i) payments were made to the trustee after the notice of default was sent to Koch, and (ii) a modification of the deed of trust took place in 2017; (b) the court allowed a rehearing on June 27, 2019, and received evidence at that hearing, but then overruled the motion for rehearing and disallowed the evidence received; (c) there are issues of "handling of the trust deed from the inception," "continued activity in collection of the loans . . . against federal lending laws," failure to give notice of charges added to the "note/loan/trust deed," failure to give payment coupons with the loan account number and other information, failure to give monthly statements about the condition of the loan, and not including all loan documents such

as the 2017 modification of the loan and receipt of payments after the "loan was declared 'intent to forclose [sic]'"; and (d) not allowing Koch's presentation of evidence.

Koch also claims error by "the Court of Appeals" in "taking the case under submission" for various disjointed reasons, which he fails to address in the argument section of his brief and which we therefore decline to address. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. See *U.S. Pipeline v. Northern Natural Gas Co.*, 303 Neb. 444, 930 N.W.2d 460 (2019). See, also, Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2014) (requirements for assignments of error section in brief of appellant; consideration of case is limited to errors assigned and discussed); § 2-109(D)(1)(i) (content rules for argument section of appellant's brief); *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015) (pro se litigant will receive same consideration as if he or she had been represented by attorney, and concurrently, that litigant is held to same standards as one who is represented by counsel).

We further note that although Koch describes the appellees in this case collectively, he does not assign any error to the district court's dismissals of his claims against Lacy, Ohs, and BRD; his assigned errors refer only to the district court granting summary judgment. As a result, we decline to address the district court's dismissal of the claims against Lacy, Ohs, and BRD. See *U.S. Pipeline v. Northern Natural Gas Co., supra*. We consider only the district court's orders granting summary judgment in favor of Dalton, Mielak, Flanagan, and First Security on Koch's complaint to set aside the trustee's sale.

Finally, we note that the "ARGUMENT" section of Koch's brief is presented as one continuous argument contained on two pages, with no separate headings or arguments to correlate with any particular assigned error listed in the assignments of error section. This is not in compliance with appellate court rules. See Neb. Ct. R. App. P. § 2-109(B) (rev. 2014) (formatting rules for appellate briefs). When a party fails to follow the rules of the Nebraska Supreme Court, an appellate court may proceed as though the party had failed to file a brief or, alternatively, may examine the proceedings for plain error. See *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014). The decision to proceed on plain error is at the discretion of the appellate court. *Id.* We decline to address any assigned errors which were not argued and supported in the "ARGUMENT" section of Koch's brief.

Ultimately, the only issue we can discern in Koch's two pages of argument which correlates to his first two assigned errors is that the orders granting summary judgment were inappropriate for various vaguely stated reasons. We will address those claims in our analysis.

## IV. STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Sundermann v. Hy-Vee*, 306 Neb. 749, 947 N.W.2d 492 (2020).

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to

judgment as a matter of law. *Id.* In the summary judgment context, a fact is material only if it would affect the outcome of the case. *Pitts v. Genie Indus.*, 302 Neb. 88, 921 N.W.2d 597 (2019).

## V. ANALYSIS

As set forth above, we address only Koch's claims that the district court erred in granting summary judgment in favor of Dalton, Mielak, Flanagan, and First Security (collectively referred to hereafter as appellees).

### 1. FAILURE TO INCLUDE BILL OF EXCEPTIONS

We first note that no bill of exceptions has been filed in this current appeal. However, we have before us the bill of exceptions filed in Koch's previous appeal in case No. A-19-1051, which includes all hearings held through June 27, 2019, and the transcript containing the parties' pleadings and the district court's orders. In interwoven and interdependent cases, we may examine our own records and take judicial notice of the proceedings and judgment in a former action involving one of the parties. *Western Ethanol Co. v. Midwest Renewable Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020). We have further held that we may take judicial notice of a document, including briefs filed in an appeal, in a separate but related action concerning the same subject matter in the same court. *Id.* Koch's previous appeal concerned the same subject matter as the current appeal as to his claims against appellees Dalton, Mielak, and Flanagan. The bill of exceptions filed in that previous appeal contains the evidence related to Koch's claims against those appellees. In resolving the claims against Dalton, Mielak, and Flanagan, we can therefore rely on the contents of the bill of exceptions filed in Koch's previous appeal in this case.

The bill of exceptions before us does not include the hearings held by the district court regarding First Security's motion for summary judgment following this court's dismissal of Koch's previous appeal. In the absence of a bill of exceptions, an appellate court may consider the pleadings in the case in conjunction with the judgment reviewed. See *Rosberg v. Rosberg*, 25 Neb. App. 856, 916 N.W.2d 62 (2018). When a transcript, containing the pleadings and order in question, is sufficient to present the issue for appellate disposition, a bill of exceptions is unnecessary to preserve an alleged error of law regarding the proceedings under review. *Id.* If the pleadings are sufficient to support the judgment, it will be presumed on appeal that the evidence supports the trial court's orders and judgment. *Id.* The transcript before us includes the district court's April 3, 2020, order that sets forth the basis of the court's grant of summary judgment in favor of First Security. In resolving Koch's claim against First Security, we can therefore rely on this order of the district court contained in the transcript.

We therefore conclude the record before us is sufficient to review the district court's orders granting summary judgment, and we proceed accordingly.

### 2. SUMMARY JUDGMENT

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Wintroub v. Nationstar Mortgage*, 303 Neb. 15, 927 N.W.2d 19 (2019). A party moving for summary judgment has the burden to show that no genuine

issue of material fact exists and must produce sufficient evidence to demonstrate that it is entitled to judgment as a matter of law. *Wynne v. Menard, Inc.*, 299 Neb. 710, 910 N.W.2d 96 (2018). If the movant meets this burden, then the nonmovant must show the existence of a material issue of fact that prevents judgment as a matter of law. *Id.* In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Wintroub v. Nationstar Mortgage, supra.*

Koch contends the district court erred in granting the appellees' motions for summary judgment. While he does not contest the district court's construal of his complaint as "essentially seek[ing] the Court to enter an order setting aside a trustee sale" of the property at issue, Koch asserts that summary judgment was improper. He argues that the district court erred in granting summary judgment because "THE RECEIVED EVIDENCE PROVES THAT THE LOAN MADE WAS PROCESSED LIKE A PRIVATE PERSONAL NOTE . . . INSTEAD OF A LOAN AGAINST A 1-4 PERSON DWELLING THAT REQUIRES ADHERENCE TO THE RESPA FEDERAL LENDING LAW." Brief for appellant at 8. He further asserts that the court did not consider a modification to the promissory note and deed of trust, and he notes "THE [Nebraska Trust Deeds Act] DOES NOT ALLOW THE TRUSTEE TO ELIMINATE MODIFICATIONS MADE TO THE TRUST DEED AND THEN REVERT BACK TO THE ORIGINAL AGREEMENT WITHOUT REFERENCE TO THE MODIFICATION." Brief for appellant at 8. Koch also argues that the court should not have denied his motion for a rehearing in light of the evidence offered at the hearing on that motion.

Notably, Koch filed neither an "Evidence Index in Opposition" listing all evidence to be offered in opposition to the appellees' motions for summary judgment, nor an "Annotated Statement of Disputed Facts" setting forth concise, numbered paragraphs reciting each proposed material fact of the appellees as to which Koch contends there is a genuine dispute, annotated by pinpoint citations to the supporting evidence in the "Evidence Index in Opposition." See Neb. Ct. R. § 6-1526(B) (rev. 2018). Failure to submit an annotated statement of disputed facts may constitute grounds for sustaining the summary judgment motion. *Id.*

Our record also does not include the modification Koch argues governed the terms of the deed of trust or any description of the terms modified. Further, the content of Koch's affidavit, labeled as exhibit 15 in the bill of exceptions for his previous appeal, primarily concerns allegations of misconduct occurring well before the default and trustee sale he seeks to set aside. Similarly, Koch's brief on appeal further includes claims that the appellees, without identifying which appellee, called Koch's cell phone without his written consent, failed to give notice of charges added to Koch's obligation under the promissory note and deed of trust, failed to give payment coupons to Koch with the loan account number and remaining balance due on the coupons, and failed to give Koch monthly statements listing the condition of the loan. The allegations Koch sets forth on appeal do not pertain to the exercise of the power of sale under the deed of trust in 2018 and are not material to our review of the district court's grants of summary judgment against Koch in his action to set aside the trustee's sale. See *Cruz v. Lopez*, 301 Neb. 531, 919 N.W.2d 479 (2018) (mere existence of some alleged factual dispute between parties will not defeat otherwise properly supported motion for summary judgment; only disputes over facts that under governing law might affect the outcome will properly preclude entry of summary judgment). We proceed to

examine the record through the lens of the requirements and procedures set forth by the Nebraska Trust Deeds Act.

### (a) Dalton

The district court granted summary judgment in favor of Dalton, finding no genuine dispute of material facts and that he was entitled to judgment as a matter of law. The record before us indicates that Dalton served as trustee to the deed of trust from September 10, 2010, until May 1, 2015, when Lacy recorded a subsequent substitution of trustee naming Rouse as successor trustee. We have before us no indication that Dalton, as trustee, ever exercised the power of sale under the deed of trust or otherwise affected the loan or Koch's interest in the property subject to the deed of trust. The exhibits offered by Koch at the district court's June 27, 2019, hearing regarding Dalton's motion for summary judgment fail to create an issue of material fact in Koch's claim against Dalton. We therefore find the district court properly granted summary judgment in favor of Dalton.

### (b) First Security

The district court granted summary judgment in favor of First Security, also finding no genuine dispute of material facts and that it was entitled to judgment as a matter of law. The district court's April 3, 2020, order stated:

> As above set forth, Donald R. Carlson, president of First Security, served as a loan broker to arrange a loan between the plaintiff and Victor Lacy over 13 years ago in 2006. The loan was consummated, and Koch executed and delivered to Lacy a note in the principal sum of $29,000.00 together with a Deed of Trust encumbering the subject Columbus, Nebraska, real estate.

> Throughout the years, various individuals have served as trustee under the Deed of Trust. After Koch received the proceeds in November, 2006, First Security, with Carlson acting as its president, was no longer involved with any servicing, collection of payments, or communications with Koch. Mr. Carlson and First Security have no records of verbal or written communication from Mr. Koch after November, 2006, until he filed this action 12 years later.

We find this order to be sufficient to support the district court's judgment. In the absence of a bill of exceptions containing the evidence offered by Koch and First Security as to this matter, we will presume that the evidence was sufficient to support the district court's judgment. See *Rosberg v. Rosberg*, 25 Neb. App. 856, 916 N.W.2d 62 (2018). We therefore find the district court properly granted summary judgment in favor of First Security.

### (c) Mielak and Flanagan

The district court granted summary judgment in favor of Mielak and Flanagan in a single order entered on October 24, 2019, finding no genuine issue of material fact as to whether or not the exercise of the power of sale under the deed of trust complied with Nebraska law.

The Nebraska Trust Deeds Act, Neb. Rev. Stat. § 76-1001 et seq. (Reissue 2018) (the Act), governs the process for the exercise of the power of sale by the trustee of real property subject to

a trust deed. Although the Act does not provide a remedy for a defective trustee's sale, the trustor can sue in equity to set the sale aside. *Gilroy v. Ryberg*, 266 Neb. 617, 667 N.W.2d 544 (2003). See, also, *Klein v. Oakland/Red Oak Holdings*, 294 Neb. 535, 883 N.W.2d 699 (2016). The Nebraska Supreme Court has recognized three categories of defects in the exercise of a power of sale under a trust deed: (1) those that render the trustee's sale void, (2) those that render the sale voidable, and (3) those that are inconsequential. See *Gilroy v. Ryberg, supra.*

Defects that render a sale void are rare and generally occur when the trustee conducted the sale, but no right to exercise the power of sale existed. *Gilroy v. Ryberg, supra*. Typical examples include situations when (1) no default on the underlying obligation has occurred, (2) the trust deed is a forgery, and (3) the trust deed requires the beneficiary to request that the trustee commence foreclosure proceedings and no request has been made. *Id*. Further, even if there is a right to exercise the power of sale, an egregious failure to comply with the fundamental procedural requirements while exercising the power of sale will render the sale void. *Id*.

The second category of defects consists of those that render the sale voidable. *Id*. When a defect renders a sale voidable, bare legal title passes to the sale purchaser. *Id*. An injured party can have the sale set aside only so long as the legal title has not moved to a bona fide purchaser. *Id*.

The final category consists of those defects that are so inconsequential as to render the sale neither void or voidable. *Id*. To establish a defect that renders the trustee's sale voidable, the party seeking to set aside the sale must show not only the defect, but also that the defect caused the party prejudice. *Id*. When a party seeking to set aside the sale establishes only an inconsequential defect, equity will not set aside the sale. *Id*.

Koch's various unsupported assertions might be categorized as defects which occurred that should render the sale void, namely, that the trustee, Mielak, did not have the right to exercise the power of sale because there was no default on the underlying obligation based upon Koch's alleged modification to the deed of trust or payments Koch claims to have made, or alternatively, that Koch had not been provided sufficient notification "of the condition of the loan each month when adding charges to the loan each month is a glaring injustice to all lending procedure [sic] covered by Nebraska lending laws and federal lending laws." Brief for appellant at 8. We note the bill of exceptions from Koch's previous appeal shows that Koch did not appear at the June 4, 2019, hearing for the motion for summary judgment brought by Mielak and Flanagan, and the district court denied Koch's motion for rehearing on that matter. As a result, the evidence offered by Mielak and Flanagan contained in the bill of exceptions from Koch's previous appeal stands unrefuted. We therefore proceed to consider the law and the unrefuted evidence brought by Mielak and Flanagan related to Koch's default under the Act to address whether Mielak had the authority to exercise the power of sale, and if so, whether proper notice of the sale was given to Koch.

*(i) Notice of Default*

Section 76-1006(1)(a) provides that a trustee shall not exercise the power of sale until:
The trustee or the attorney for the trustee shall first file for record in the office of the register of deeds of each county wherein the trust property or some part or parcel thereof is situated a notice of default identifying the trust deed by stating the name of the trustor named therein and giving the book and page or computer system reference where the same is recorded and a description of the trust property, containing a statement that a breach of an obligation

for which the trust property was conveyed as security has occurred, and setting forth the nature of such breach and of his or her election to sell or cause to be sold such property to satisfy the obligation.

Additionally, § 76-1006(1)(b) sets forth additional information to be included in the notice of default where the real property subject to the trust deed "is used in farming operations carried out by the trustor." Where property is not used in farming operations, the Nebraska Supreme Court has held that the notice of default need not contain information on how to cure the default. See *Gilroy v. Ryberg, supra.* Further, § 76-1008(3) requires that "a copy of any notice of default . . . shall be mailed" by registered or certified mail with postage prepaid to the parties named in a trust deed, and the trustee, beneficiary, or attorney for the trustee or beneficiary must mail by a copy of the notice of default within 10 days of recording of the notice of default. Pursuant to § 76-1012, a trustor may cure such default and reinstate the trust deed by paying "to the beneficiary or his or successor in interest the entire amount then due under the terms of such trust deed . . . other than such portion of the principal as would not then be due had no default occurred" within 1 month after the recording of the notice of default.

The record before us indicates that the real property subject to the deed of trust was residential in nature and located in Columbus, Platte County, Nebraska. Prior to July 23, 2018, Koch failed to make payments due under the deed of trust. On July 23, Mielak recorded a notice of default with the Platte County Register of Deeds setting forth Koch's failure to make the required payments and the elections to exercise the power of sale under the deed of trust and to declare the entire unpaid principal balance and interest due and payable should the default not be cured. Mielak thereafter mailed a copy of the notice of default to Koch, and our record includes the corresponding certified mail receipts stamped on August 1, 2018.

While Koch asserts that there were "PAYMENTS MADE TO . . . FLANAGAN" in an unspecified amount on an unspecified date after receipt of the notice of default, brief for appellant at 2, he does not contest the evidence indicating he failed to cure this default within the 1-month period provided for by statute. Further, with regard to his claim that the deed of trust was modified, our record does not include any evidence of such a modification, nor any description of the terms modified. Accordingly, our review of the record does not reveal any defect in the appellees' compliance with the provisions of the Act governing a trustor's default and the notice of default.

*(ii) Notice of Sale and Trustee's Sale*

If the default is not cured following the recording of the notice of default, § 76-1006(1)(c) requires that "[a]fter the lapse of not less than one month, . . . the trustee or the attorney for the trustee shall give notice of sale as provided in section 76-1007." With respect to the notice of sale and the trustee's sale, the trustee "shall give written notice of the time and place of sale particularly describing the property to be sold" and such notice shall be given "by publication . . . at least five times, once a week for five consecutive weeks" while the last publication must be "at least ten days but not more than thirty days prior to the sale." § 76-1007(1). Such publications must be in "some newspaper having a general circulation in each county" where the property to be sold is located. *Id.* Section 76-1008 additionally requires a copy of the notice of sale to be mailed to each party to a trust deed "by registered or certified mail with postage prepaid," and such notice must

be mailed "[a]t least twenty days before the date of sale." The sale shall "be held at the time and place designated in the notice of sale," and the sale must occur "between the hours of nine a.m. and five p.m. . . . at the premises or at the courthouse of the county in which the property . . .is situated." § 76-1007(2).

As identified previously, Mielak recorded the notice of default on July 23, 2018. Subsequently, he caused the notice of trustee's sale to be published after Koch failed to cure the default within the statutory 1-month period. Our record includes a proof of publication indicating that the notice of trustee's sale was published in the Columbus Telegram, a newspaper of general circulation within Platte County, Nebraska, on September 18 and 25, and October 2, 9, and 16. Mielak also mailed a copy of the notice of trustee's sale to Koch, and our record includes the corresponding certified mail receipts stamped on September 14. The sale took place on November 1 at 11 a.m. inside the Platte County Courthouse in Columbus, in accordance with the terms of the notice of trustee's sale. Mielak accepted the bid of $40,000 from Flanagan as the highest bid at the sale and thereafter executed and delivered a trustee's deed to Flanagan on November 16.

Again, our review of the record does not reveal any defect in the nonjudicial foreclosure procedure exercised in this case. Despite Koch's several assertions of misconduct on appeal that we previously described, these allegations do not point to any defects in the appellees' conduct in the nonjudicial foreclosure process. In fact, the unrefuted evidence before us indicates that Mielak and Flanagan exercised the power of sale under the deed of trust and carried out the nonjudicial foreclosure in full compliance with Nebraska law. We therefore find the district court did not err in granting summary judgment in favor of Mielak and Flanagan.

## VI. CONCLUSION

For the reasons set forth above, we affirm the district court's orders granting summary judgment in favor of Dalton, Mielak, Flanagan, and First Security, and the orders dismissing Koch's action as to Lacy, Ohs, and BRD.

AFFIRMED.

- 10 -